### ROBERT O. BABBITT v. CHARLES V. MOORE.

1. Defendant being liable with other endorsers to plaintiff on a promissory note for a large amount, gave to plaintiff his individual note for part of the sum so due, and took from plaintiff a written agreement whereby the plaintiff bound himself to prosecute a suit then pending on the larger note against the prior endorsers thereon, and to apply the proceeds, if sufficient should be recovered, to taking up the individual note so given to him by the defendant. On a suit by plaintiff against defendant on his individual note so given, the defendant proved this agreement, and offered proof that the plaintiff had recovered a judgment on the larger note against a prior endorser, and had impounded assets sufficient to have paid off the whole claim, including defendant's individual note, and that plaintiff had released that portion of said assets recovered, which, under said agreement, would have been applied to the payment of defendant's individual note. *Held,* that

this offer showed a complete defence to the note in suit, and should have been received and passed upon by the trial court.

2. Where a promissory note is given pursuant to the express terms of a contemporaneous written agreement, by which the payee of the note binds himself to collect certain moneys and to appropriate them on the note in reduction or discharge of the amount for which the same was given, in a suit upon the note between the original parties thereto, the breach by the payee of the part of said agreement to be by him performed, may be shown by the maker of the note by way of *recoupment*. In such a case the note is so intimately connected with the contemporaneous writing that together they constitute "the contract sued upon," within the meaning of the statute of New Jersey concerning recoupment. *Rev., p.* 868, § 129.

Rule to show cause why a new trial should not be granted.

The following is a copy of the agreement referred to in the opinion of the court:

"WHEREAS, I, Charles V. Moore, have this day received of Robert O. Babbitt his three several promissory notes, each, endorsed by William W. Gibbs, and payable at the Second National Bank, Jersey City, one for $515, payable six months after date; one for $530, payable twelve months after date, and one for $545, payable eighteen months after date, on account of his endorsement of a certain promissory note made by John C. Stanton and James T. Campbell for $4,000, bearing date the 26th day of December, 1882, and payable at the Sussex National Bank, Newton, New Jersey, which note is endorsed, first, by Samuel M. Schanck; second, by Samuel M. Schanck, treas.; third, by Robert O. Babbitt, and lastly, by me, the said Charles V. Moore; which note has been taken up and paid off by me, the said Charles V. Moore, who am now the holder and owner thereof; and whereas, the said Robert O. Babbitt has given to me, the said Charles V. Moore, his agreement to the effect that in case I, the said Charles V. Moore, after a reasonable effort made for that purpose, shall fail to collect and recover the balance of said $4,000 note from some or one of the other parties to it, then, in that case, he, the said Robert O. Babbitt, will pay to me, the said Moore, such additional sum as will, with the amount of said three

notes this day given by him, make up fifty per cent. of the amount of said $4,000 note and interest.

"Now, it is hereby stipulated and agreed by and on behalf of said Charles V. Moore, that the suit commenced by him against said Babbitt and others, in the Supreme Court of this state, shall be no further prosecuted against said Babbitt, and that the above mentioned notes and stipulation are and shall be in full satisfaction of all claims of said Moore against said Babbitt on account of said note; and it is further stipulated and agreed that said Moore shall proceed with all reasonable dispatch against the other parties to said note, or some or one of them, as he may be advised, in the effort to collect the whole amount thereof for himself, and for the benefit of said Babbitt, and in case he succeeds in such effort wholly or partially, all that he may recover on account of the same, over and above what may be sufficient to reimburse and pay back to him the money which he has been obliged to pay in taking up said note, with his necessary costs and expenses and interest, shall be for the benefit of said Babbitt and be forthwith paid to him, or used to take up, pay off, liquidate and discharge, so far as it will extend, the said promissory notes and stipulation this day given by him.

"Dated July 25th, 1885.

"CHARLES V. MOORE,

"*Per* JOHN LINN.

"In consideration of the acceptance by Charles V. Moore of three certain promissory notes this day given by me to him, and of this stipulation and agreement in full satisfaction of all claims by him against me as endorser upon a certain promissory note of $4,000, made by John C. Stanton and James T. Campbell, bearing date Dec. 26th, 1882, and payable at the Sussex National Bank, Newton, N. J., which note is endorsed, first, by Samuel M. Schanck; second, by Samuel M. Schanck, treas.; third, by myself, and lastly, by said Charles V. Moore, and of his agreement this day made with me in regard to the prosecution of other parties to said note.

" I hereby agree, in case he shall fail, after a reasonable effort to collect of the other parties to said note, or of some or one of them, the balance due on said note, then, upon such failure, I will pay to said Charles V. Moore, on demand, such sum as with the amount of said three promissory notes given by me to him will be sufficient to make up to him fifty per cent. of the entire sum due him on account of the same, with interest.

" Dated July 25th, 1885.

"R. O. BABBITT."

Argued at November Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, VAN SYCKEL and GARRISON.

For the rule, *Gilbert Collins.*

*Contra, John Linn.*

The opinion of the court was delivered by

GARRISON, J. This is an action on a promissory note for $545, made July 25th, 1885, by R. O. Babbitt, the defendant below, and regularly endorsed to the plaintiff, Charles V. Moore.

A jury having been waived, the cause was tried by consent before the Circuit Court. At the trial the plaintiff proved his note and rested.

The defendant then proved a written agreement made by the plaintiff at the time the note in suit was given, and adduced testimony tending to show that the plaintiff had failed to perform his part of said agreement. The court, in giving judgment for the plaintiff for the full amount of the note and interest, in effect overruled this defence, holding that the breach by the plaintiff of his said agreement with the defendant afforded the latter no answer to the claim upon the note.

This rule to show cause brings up for review the propriety of this mode of disposing of the defendant's case.

The cause turns upon the proper construction to be given to the written agreement in question. It is necessary to an intelligent interpretation of this instrument that the circumstances under which it was given be reverted to. These circumstances are recited in the agreement itself.

It appears that in 1882 Babbitt, as an endorser of a promissory note for $4,000, was liable to Moore, who, being a later endorser, had paid the note after protest. There were on the note two endorsers before Babbitt, one of whom was Samuel M. Schanck.

Moore having paid the note, commenced suit therefor against all the endorsers, including Babbitt. Babbitt thereupon entered into the agreement now under consideration. The parties to the agreement were Babbitt and Moore. By force of this agreement Babbitt was to pay to Moore one-half of the whole sum due on the note for $4,000, and beyond this Babbitt was in no event to be held liable. This amount Babbitt bound himself to pay in the manner hereafter to be mentioned. Moore, upon his part, agreed to prosecute the then pending suit no further against Babbitt, but to "proceed with all reasonable dispatch against the other parties to said note, or some or one of them, as he might be advised, in the effort to collect the whole amount thereof for himself and for the benefit of said Babbitt." The agreement then goes on to provide that the money thus recovered, if any be recovered, should be devoted, first, to reimbursing Moore to the extent that he was out by reason of his having taken up the said note, and, in the second place, to be for the benefit of Babbitt, either to be paid to him (if he should have paid off his moiety to Moore) or to be used to discharge his stipulation and to take up any unpaid promissory notes given under said agreement to Moore.

The amount which Babbitt agreed to pay in the first instance to Moore was something over $2,000. In fulfillment of his part of this compact, and as part of the sum thus agreed upon, Babbitt gave to Moore three promissory notes at six, twelve and eighteen months respectively, for $515, $530 and $545. The first two notes Babbitt paid when due; the last is the one

now in suit. The balance of the amount due Moore is not directly involved in any question that is now before us.

It will be observed that the relation of the note in suit to the agreement is most intimate. The agreement stands in the attitude of the inducement to the making of the note, while the note under the agreement is a promise to pay coupled with an undertaking on the part of the payee looking toward the restoration or refunding to Babbitt, upon a certain contingency, of the whole or a part of the sum due or paid thereon. The agreement contemplated Babbitt's paying the notes when due, unless in the meantime Moore had recovered from the earlier endorsers, in which event the surplus over and above what would cover Moore's unsecured half, was to be applied in Babbitt's behalf to the payment of the amount of his stipulation and notes. It further contemplated upon Moore's part, that he should, in Babbitt's interest as well as in his own, recover from the other endorsers, and to the extent of such recovery, over and above what Babbitt had not already paid him, he bound himself to release Babbitt, or what is the same thing, to apply it to the unpaid stipulation and notes.

In the light of the agreement thus interpreted, it is evident that the conduct of Moore in regard to the recovery he was seeking from the other endorsers, was a matter in the highest degree material upon the question of his right to recover against Babbitt upon any of the notes so given. For example, if Moore had recovered in cash, over and above his unpaid half, sufficient to pay the whole sum mentioned in Babbitt's stipulation, it would have released Babbitt; or if Moore had failed to so apply it and had sued on any part of Babbitt's undertaking, including the notes given, it would have constituted a complete defence thereto. Now, what Babbitt alleges in regard to Moore's subsequent conduct in reference to the subject matter of the agreement, is this: He states that after Moore got his judgment against the other parties who were liable on the $4,000 note, including the endorser Schanck, he, Babbitt, gave to Moore information which led to the filing of a bill in chancery against Schanck in aid of said judgment at

law, and the impounding by Moore of assets amounting to $5,000 to answer the ends of said suit. Babbitt then alleges that Moore, without his consent and in violation of his said agreement, settled with Schanck for $3,000, and dismissed his bill in chancery, losing thereby to Babbitt the sum of $2,000, which, as two of the promissory notes had been paid, would, if applied under said agreement, have exonerated Babbitt from any further payment under his stipulation, including the note now sued upon.

The construction placed upon this agreement by the court below was, that the recovery against the prior endorsers could redound to Babbitt's benefit to the extent only of the amount he had agreed to pay Moore, over and above the three promissory notes, and that it could have no reference to said notes, Babbitt's undertaking in respect to the notes being regarded as absolute and outside the pale of any contemplated reimbursement.

We are satisfied that this view of the scope of the agreement is too narrow; not only is its general tenor such as we have indicated, but in its concluding clause it provides specifically that the money recovered shall be used to take up and discharge "the promissory notes * * * this day given."

Under the agreement thus interpreted, the conduct of Moore in releasing Schanck's assets was a material matter; it was, if true, a complete defence to the payment of the note. Even if the sum released be found insufficient to have paid the stipulation and the whole of the note, still in so far as it extended to the note at all, it is, *pro tanto*, a defence.

In order that the defendant may avail himself of this line of defence, it is not necessary to invoke the notion of suretyship or of secondary liability; the matter can be squarely met under these pleadings by a determination of the damages sustained by the defendant by reason of the plaintiff's breach of his said agreement. The amount so ascertained can then be applied to the indebtedness still subsisting between these parties according to the provisions of their stipulation. Whether it will amount to a complete discharge of defendant's liability

on his note or only to a reduction of the amount due thereon, or whether it will afford him any benefit in this action, are questions, which, after the assessment of such damages, depend for their solution upon mere computation. The principle, however, is clear, that where a promissory note is given pursuant to the express terms of a contemporaneous written agreement, by which the payee of the note binds himself to collect certain moneys and to appropriate them on the note in reduction or discharge of the amount for which the same was given, in a suit upon the note between the original parties thereto, the breach by the payee of the part of said agreement to be by him performed may be shown by the maker of the note by way of *recoupment.* In such cases the note is so intimately connected with the contemporaneous writing that together they constitute "the contract sued upon" within the meaning of the statute of New Jersey concerning recoupment. *Rev., p.* 868, § 129.

At the trial the court, it is true, admitted and heard the testimony offered by Babbitt, but under the view then entertained as to the scope of the agreement, did not pass upon the facts. In order that this may be done, and that the defendant may be afforded an opportunity of presenting his defence in the line above indicated, the rule to show cause will be made absolute.